# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHALEEN BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 8:05CV109 |
| NAGL MANUFACTURING, | ) | |
| RICHARD KEETEN, | ) | ORDER |
| NORMAN FREDRICKSON and | ) | |
| JUNE JONES, | ) | |
| | ) | |
| Defendants. | ) | |

Now pending before the court are several motions and objections regarding the taking of depositions:

    Filing 51    Plaintiff's Motion to Take Deposition of Becky Tables
    Filing 52    Plaintiff's Motion to Take Deposition of June Jones
    Filing 53    Plaintiff's Motion to Take Deposition of Norman Fredrickson
    Filing 54    Plaintiff's Motion to Appoint a Court Officer for the Depositions
    Filing 55    Plaintiff's Motion for the court to provide a room to take depositions
    Filing 59    Defendants' Motion to Strike Filings 51, 52, 53 and 54

Plaintiff seeks the assistance of the court in scheduling the time, place and date these depositions are to occur. The defendants correctly point out that Rule 30(b)(1) of the Federal Rules of Civil Procedure requires the plaintiff to do these things and give reasonable notice, in writing, to every other party to the action stating the time and place of taking the deposition, and the name and address of each person to be examined. The plaintiff does not need the court's permission to take the defendants' depositions. If she wishes to depose the defendants, however, plaintiff must fully comply with the requirements of Fed. R. Civ. P. 30(b). A copy of Rule 30 is attached to this order.

Usually, the opposing parties to a lawsuit talk to each other about when the witnesses will be available, agree on a deposition schedule, and then file and serve the deposition notices as required by Rule 30(b)(1).

Defense counsel has indicated in Filing 59 that depositions can be taken in counsel's offices. When necessary, the court does allow parties to reserve a room in the courthouse for

taking depositions, subject to availability. The parties may contact Ms. Susie Cordero in the Clerk's Office, at 661-7376, if they wish to reserve an attorney witness room in the courthouse for the purpose of taking depositions. All parties who reserve rooms in the courthouse must read and agree, in writing, to comply with the COURT SPACE, FACILITIES AND EQUIPMENT USE POLICY FOR THE UNITED STATES COURTS OF NEBRASKA. A copy of the policy is attached to this Order.

The court cannot grant plaintiff's Motion to appoint a court officer to record the depositions. Although the plaintiff has been given leave to proceed *in forma pauperis*, that status does not require the court to advance funds to pay for deposition expenses or to provide litigation support services. *See Tajeddini v. Gluch*, 942 F. Supp. 772, 782 (D. Conn. 1996) (citing *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y. 1986)). The plaintiff is responsible for bearing the costs of any deposition discovery that she conducts. *See Wright v. United States*, 948 F.Supp. 61 (M.D. Fla. 1996).

**IT IS ORDERED:**

1. Plaintiff's **Motions 51, 52 and 53** are granted in part and denied in part. The plaintiff may depose the defendants without permission from the court; however, the plaintiff has not complied with the notice requirements of Rule 30. The court will not compel attendance at a deposition that has not been properly noticed.

2. Plaintiff shall confer with defense counsel to set up a deposition schedule.

3. Plaintiff's Motion to Appoint a Court Officer for the Depositions **(Filing 54)** is denied.

4. Plaintiff's Motion for the court to provide a room to take depositions **(Filing 55)** is denied without prejudice to plaintiff contacting the Clerk of the Court to reserve a room in the courthouse, subject to the requirements of the COURT SPACE, FACILITIES AND EQUIPMENT USE POLICY FOR THE UNITED STATES COURTS OF NEBRASKA.

5. Defendants' Motion to Strike Filings 51, 52, 53 and 54 **(Filing 59)** is denied as moot because the plaintiff's motions have been denied.

**DATED November 4, 2005.**

BY THE COURT:

**s/ F.A. Gossett
United States Magistrate Judge**

**UNITED STATES CODE ANNOTATED**
**FEDERAL RULES OF CIVIL PROCEDURE**
**FOR THE UNITED STATES DISTRICT COURTS**

**V. DEPOSITIONS AND DISCOVERY**

**Rule 30. Depositions Upon Oral Examination**

**(a)   When Depositions May Be Taken; When Leave Required.**

  (1)   A Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.

  (2)   A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,

   (A)   a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

   (B)   the person to be examined already has been deposed in the case; or

   (C)   a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

**(b)   Notice of Examination:  General Requirements; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.**

  (1)   A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

  (2)   The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means.

(3) With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

(4) Unless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under Rule 28 and shall begin with a statement on the record by the officer that includes (A) the officer's name and business address; (B) the date, time, and place of the deposition; (C) the name of the deponent; (D) the administration of the oath or affirmation to the deponent; and (E) an identification of all persons present. If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. At the end of the deposition, the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

(5) The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request.

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

(7) The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

**(c) Examination and Cross-Examination; Record of Examination; Oath; Objections.**

Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615. The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other method authorized

by subdivision (b)(2) of this rule. All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections. In lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.

**(d) Schedule and Duration; Motion to Terminate or Limit Examination.**

(1) Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d) (4).

(2) Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person , or other circumstance, impedes or delays the examination.

(3) If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

(4) At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it may be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**(e) Review by Witness; Changes; Signing.**

If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall

indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

**(f)     Certification and Delivery by Officer; Exhibits; Copies.**

    (1)   The officer must certify that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. This certificate must be in writing and accompany the record of the deposition. Unless otherwise ordered by the court, the officer must securely seal the deposition in an envelope or package indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and must promptly send it to the attorney who arranged for the transcript or recording, who must store it under conditions that will protect it against loss, destruction, tampering, or deterioration. Documents and things produced for inspection during the examination of the witness must, upon the request of a party, be marked for identification and annexed to the deposition and may be inspected and copied by any party, except that if the person producing the materials desires to retain them the person may (A) offer copies to be marked for identification and annexed to the deposition and to serve thereafter as originals if the person affords to all parties fair opportunity to verify the copies by comparison with the originals, or (B) offer the originals to be marked for identification, after giving to each party an opportunity to inspect and copy them, in which event the materials may then be used in the same manner as if annexed to the deposition. Any party may move for an order that the original be annexed to and returned with the deposition to the court, pending final disposition of the case.

    (2)   Unless otherwise ordered by the court or agreed by the parties, the officer shall retain stenographic notes of any deposition taken stenographically or a copy of the recording of any deposition taken by another method.  Upon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent.

    (3)   The party taking the deposition shall give prompt notice of its filing to all other parties.

**(g)     Failure to Attend or to Serve Subpoena; Expenses.**

    (1)   If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

    (2)   If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of such failure does not attend, and if another party attends in person or by attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such

other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

CREDIT(S)

(As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Mar. 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000.)

**UNITED STATES COURTS**

**OF NEBRASKA**

# Court Space, Facilities, and Equipment Use Policy for Non-Court Entities or Agencies

## Space and Facilities

The following is a policy, which is applicable to non-court entities or agencies regarding the use of U.S. Court space and facilities in either the Roman L. Hruska U.S. Courthouse in Omaha, Robert V. Denney U.S. Courthouse in Lincoln and the U.S. Post Office and Federal Building in North Platte:

1. Advanced approval by the Clerk or designee is required. The use of the space will be confined strictly to the purpose agreed upon by prior approval of the Clerk or his/her designee.

2. The space is provided "as is" and "where is."

3. Any alterations, or removal of any article or thing, will not be undertaken without prior approval by the Clerk or designee.

4. The space will be restored to its original state upon completion of the scheduled activity. Anything moved, by prior approval, will be moved back to its original location; all items brought into the space will be removed; all trash/debris will be placed in trash cans for proper disposal; the space will be cleaned as required to restore to its original state.

5. No signs will be hung without approval by the Clerk or designee. Use of tape or other hanging

1

materials, which could damage walls or facilities, is strictly prohibited.

6. Equipment or any appliances located within the space will not be moved absent prior approval by the Clerk or designee.

7. Any use of court supplies is prohibited.

8. Smoking is prohibited.

9. Prior approval is required for consumption of food and beverages.

10. If any property or equipment is damaged, altered or displaced, it will be replaced, returned and/or restored.

11. The U.S. Courts of Nebraska will not be liable for any loss, damage, or claim of liability.

12. Access to the space will not, in any way, obstruct or interfere with the transaction of government business, the convenience of the public, jeopardize the safety of persons or property, or cause justifiable public criticism.

13. Excessive noise is prohibited.

14. The property may only be used during normal business hours as defined by the Clerk or designee.

15. The Clerk or designee may require that activities be suspended or postponed due to court business.  Any such postponement may occur on short notice.

16. The Clerk or designee will provide an on-site representative to be a point of contact throughout the use of the court space and/or facilities in order to ensure compliance with all requirements of this policy.

17. The Clerk or designee will charge no fees for the use of court space or facilities.

## Video Conferencing

The U.S. Courts of Nebraska, have video conferencing facilities available in the Roman L. Hruska U.S. Courthouse at Omaha and the Robert V. Denny U.S. Courthouse at Lincoln.

1. The video conferencing equipment is available for use by attorneys admitted to the Federal Bar for the District of Nebraska who have cases in a Federal Court.

2.  The user will bear the cost of any long distance charges or other fees for line connections and other carrier fees which may be assessed by a video conference service provider. Arrangements for video conferencing will be made in advance and the connection will come from the outside into the court's video conferencing equipment. No long distance charges or other fees for line connection can be billed through the court.

3.  At this time, the court will not charge a fee for the use of the room or the equipment.

4.  Scheduling of a room will be made through the Clerk's Office at least two weeks in advance of the anticipated use date. The Clerk's Office will be notified immediately of any cancellation or date/time change.

5.  If there is a scheduling conflict, the needs of the court will prevail. Please keep in mind that due to court business, notice of cancellation on behalf of the court may be on very short notice.

6.  The video conferencing equipment may only be used during regular office hours. Other than assisting in initiating the video conference connection, court staff will not be present during the use of this equipment. Court staff will be available to assist should technical difficulties arise during the conference.

7.  Any damage to the equipment through misuse or other means will be the responsibility of the users, not the court.

8.  Users of the equipment will notify the Clerk's Office when they are finished. Pursuant to the space and facilities policy stated above, the room will be cleared of any material which has been brought in and the room will be restored to its original state.

# Remote Interpreting

The U.S. Courts of Nebraska, have equipment for remote interpreting in the Roman L. Hruska U.S. Courthouse at Omaha, the Robert V. Denney U.S. Courthouse at Lincoln, and the U.S. Post Office and Federal Building at North Platte. Access to this equipment is limited, since these systems are in courtrooms.

1.  The remote interpreting equipment is available for use by attorneys admitted to the Federal Bar for the District of Nebraska who have cases in a Federal Court.

2.  Advanced approval for the use of the (courtroom) remote interpreting equipment must be obtained from the Clerk or designee.

3.  The user of this equipment must pay for telephone long distance charges or any other fees

which may be assessed.  All calls must be placed by a telephone operator and any expenses for long distance charges must be placed on the user's credit card.  No long distance charges or other fees for line connections can be billed through the court.

4. The court will not charge a fee for the use of the room or the equipment.

5. If there is a scheduling conflict, the needs of the court will prevail.  Please keep in mind that due to court business, notice of cancellation on behalf of the court may be on very short notice.

6. The courtroom and equipment for remote interpreting may be used only during regular office hours.  Other than assisting in initiating the connection, court staff will not be present during the use of this equipment.  Court staff will be available to assist should technical difficulties arise.

7. The user will not adjust the sound system controls in any manner.

8. Any damage to the equipment through misuse or other means will be the responsibility of the users, not the court.

9. Users of the equipment will notify the Clerk's Office when they are finished.  Pursuant to the space and facilities policy stated above, the room will be cleared of any material which has been brought in and the room will be restored to its original state.

## Analog Line for Laptop Use

The following is a policy regulating the use of an analog line which can be made available to attorneys and members of the press.  The analog line is in the public viewing area at the Clerk's Office in the Roman L. Hruska U.S. Courthouse at Omaha, and in the Clerk's Office in the Robert V. Denney U.S. Courthouse at Lincoln.

1. The analog line for laptop computer connection is for the use and convenience of  attorneys and parties who are currently in a trial before this court and is available to members of the press as needed.

2. The user will bear the cost of any long distance charges or other fees for which may be incurred for the use of the analog line. All connections will be made through a toll-free line or through the use of the user's credit card.

3. Access to the analog line for laptop use will only be available during the Clerk's Office normal business hours.

4. Since there is only one line available for access, the use of this line for extended periods of time

4

      is prohibited.

5.      Any damage to the line through misuse or other means will be the responsibility of the user, not the court.

# General Equipment Use

The following policy for use of general equipment applies to any and all equipment which is the property of the U.S. Courts of Nebraska, including the use of video conferencing equipment and remote interpreting equipment.

1.      Any use of the equipment must be approved by the Clerk or designee.

2.      Equipment is provided "as is" and "where is."

3.      Equipment will not be moved or altered without prior approval of the Clerk or designee.

4.      The user must have complete knowledge of the operation of the equipment prior to its use.

5.      Equipment will not be moved absent approval of the Clerk or his/her designee. If equipment is moved, it will be returned to its original location upon completion of use.

6.      If there is a scheduling conflict for the use of the equipment, the needs of the court will prevail. Please keep in mind that due to court business, notice of cancellation on behalf of the court may be on very short notice.

7.      Any use of court supplies to operate the equipment is prohibited.

8.      Any damage to the equipment through misuse or other means will be the responsibility of the user, not the court.

9.      Users of the equipment will notify the Clerk's Office when they are finished. Pursuant to the space and facilities policy stated above, the room will be cleared of any material which has been brought in and the room will be restored to its original state.

10.     The U.S. Courts of Nebraska will not be liable for loss, damage, or claim of any liability in connection with the use of any of the court's equipment.

space&equipmentpolicy.wpd
revised 03/07/2002

# UNITED STATES COURTS
## of Nebraska

*Court Space, Facilities, and Equipment Use Agreement
for Non-Court Entities or Agencies*

I have read the Court Space, Facilities and Equipment Use Policy for the United States Courts of Nebraska and agree to comply by the rules written within.

_____
Signature

_____
Title

_____
Name (print)

_____
Date

_____
Point of Contact (Clerk's Office personnel assigned)

Court Space Facility & Equipment Use Agreement Form