IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHALEEN BURNETT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>NAGL MANUFACTURING, RICHARD )<br>KEETEN, NORMAN FREDERICKSON )<br>and JUNE JONES )<br>)<br>Defendants. )<br>)<br>) | 8:05cv109<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff's Motion to Reopen Claim (Filing No. 71), Motion to Dismiss Defendant's Counsel's Argument Regarding Plaintiff Out of Time Claim (Filing No. 72), and Defendant's response to Plaintiff's filings no. 71 and 72. (Filing No. 81).

In Plaintiff's Filing No. 71 she moved the court to "reopen" a charge she filed with the Nebraska Equal Opportunity Commission ("NEOC") on July 28, 2003. In Plaintiff's Filing No. 72 Plaintiff moved the court to dismiss defendant's argument that the claims in her first charge are out of time. In a preliminary response to these motions the court Ordered Plaintiff to provide it with copies of all charges and claims brought by the Plaintiff to the NEOC and EEOC, and all Commission Determinations, Right to Sue Letters, or any other communications Plaintiff received from the NEOC and the EEOC. (Filing No. 74). Plaintiff complied with this Order by providing the requisite information and Defendant filed a response to the motions. After reviewing all of the submissions the court is now prepared to make a more thorough ruling on Plaintiff's motions.

In a Title VII case the Plaintiff is required to exhaust her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the NEOC.  The EEOC or NEOC will investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the agency determines there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice.  42 U.S.C.A. § 2000e-5(f)(1);  See, e.g., Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570 (8th Cir. 1997). The charging party then has 90-days from the receipt of the right-to-sue notice to file a civil complaint based on her charge.  42 U.S.C.A. § 2000e-5(f)(1).   The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC.  Williams v.  Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff filed two separate charges of discrimination against defendant. Plaintiff filed the first charge with the NEOC on July 28, 2003.  On February 11, 2004, the NEOC issued plaintiff a letter titled commission determination stating that the evidence was insufficient to support the allegations of discrimination and giving plaintiff permission to file a civil complaint 90 days after the receipt of that notice.   The second charge was filed with the NEOC on May 11, 2004.  On December 14, 2004, plaintiff received a similar letter stating that the commission found insufficient support for the allegations of discrimination and gave her permission to file a civil complaint within 90 days of the receipt of that notice.

Plaintiff filed her complaint in this matter on March 8, 2005, within 90 days of receiving her right-to-sue notice for her second charge.   Plaintiff did not file a civil complaint within the 90 days of receiving her first right-to-sue notice.  She is now asking the court to allow her to "re-open" this claim, to presumably bring the issues raised in her

first charge in the present civil proceedings. The court does not have the authority to allow plaintiff to re-open a claim that is out of time. And the civil complaint in a Title VII matter may only encompass issues that are reasonably related to the substance of charges timely brought before the NEOC. Therefore, this court cannot "reopen" plaintiff's first charge, and will not prevent defendant from arguing that any issues raised from the first charge are barred as out of time.

Accordingly, Plaintiff may move forward only on the issues brought in her second charge of discrimination. This charge was based solely on Plaintiff's allegation that defendant retaliated against Plaintiff by failing to hire her.

THEREFORE IT IS ORDERED:

1. Plaintiff's motion to reopen claim (Filing No. 71) is denied.
2. Plaintiff's motion to dismiss defendant's counsel argument regarding plaintiff out of time claim (Filing No. 72) is denied.

DATED this 28th day of December, 2005.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge