IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHALEEN BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV109 |
| | ) | |
| v. | ) | |
| | ) | |
| NAGL MANUFACTURING, NORM FREDRICKSON, JUNE JONES, and RICHARD KEETEN, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's Motion for Summary Judgment (Filing No. 101), defendant's Motion for Summary Judgment (Filing No. 102), defendant's Motion to Strike Plaintiff's Summary Judgment Motion (Filing No. 106), and plaintiff's Response to Opposition to Plaintiff Affidavit (Filing No. 110). Plaintiff has asserted claims for employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 *et seq.*

The court has carefully reviewed the pleadings, the briefs, and the evidentiary materials filed by the parties. For the reasons explained below, the court finds and concludes that summary judgment should be granted in favor of defendants.

## FACTUAL BACKGROUND

Plaintiff, Kathleen Burnett, a black female, worked for the defendant, Nagl Manufacturing (Nagl) from November 3, 1999 until May 2003. In May 2003, Nagl shut down its second shift and plaintiff was laid off. On June 16, 2003, Nagl reopened the second shift and defendant asked plaintiff to return to work. Plaintiff choose not to return to work at that time. On July 23, 2003, defendant again asked plaintiff to return to work but she choose not to return to work because she was planning on pursuing legal action

against defendant. On July 25, 2003, plaintiff filed a charge of discrimination with the Nebraska Employment Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC) claiming that defendant discriminated against her based on her race. On August 18, 2003, after defendant had notice of plaintiff's first charge of discrimination, plaintiff returned to work for defendant, however, plaintiff's employment with Nagl ended again in November of 2003. Defendant states that it terminated plaintiff's employment because she violated the company's attendance policy, but plaintiff contends she abandoned her job because defendant had demoted her.

On May 10, 2004, plaintiff returned to defendant's offices and asked if she could fill out a new employment application. Plaintiff was told by an individual working in the office that plaintiff did not need to fill out an application because defendant already had her information on record and Nagl was not currently hiring. Plaintiff states that she then told the person in the office that she had new contact information, specifically a new phone number, and in response she was told that she would need to speak with June Jones, Nagl's Human Resources Coordinator, before filling out an application.

On May 11, 2004, plaintiff filed a second charge of discrimination with the EEOC and NEOC alleging that the refusal of the job application was in retaliation for plaintiff's previous charge of discrimination. On May 12, 2004, the NEOC issued a Commission Determination responding to plaintiff's July 25, 2003 charge of discrimination, concluding that there was insufficient evidence to support the charge. On March 28, 2005, the EEOC dismissed plaintiff's second charge of discrimination stating that it adopted the NEOC's findings of no reasonable cause. Plaintiff filed this civil law suit on March 8, 2005. In December 2005 this court issued an Order clarifying that for the purposes of this civil case plaintiff may move

forward only on the issues brought forth in her second charge of discrimination. (Filing No. 82).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Harder v. ACandS*, 179 F.3d 609, 611 (8th Cir. 1999). "In making this determination, the function of the court is not to weigh evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely, to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson*, 477 U.S. at 248).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *See Tenbarge v. Ames Taping Tool Sys., Inc.*, 128 F.3d 656, 657-58 (8th Cir. 1997). Accordingly, a party moving for summary judgment must "set forth in the brief in support of the motion for summary judgment a separate statement of each material fact as to which the moving party contends there is no genuine issue to be tried and as to each shall identify

3

the specific document or portion thereof or discovery response or deposition testimony ... which it claims established the fact."  NELR 56.1(a).

In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998) (quoting Fed. R. Civ. P. 56(e)).  A nonmoving party may not rest upon the mere allegations or denials of its pleadings, but rather, must set forth specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 922 (8th Cir. 1998).  In this respect, the nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts;' ... [i]t must show there is sufficient evidence to support a jury verdict in [its] favor."  *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).  Accordingly, the nonmoving party must "set forth in its opposing brief a separate statement of each material fact as to which it is contended there exists a genuine issue to be tried and as to each shall identify the specific document or discovery response or deposition testimony ... which it is claimed establishes the issue."  NELR 56.1(b).

## DISCUSSION

### Title VII Claims

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42

4

U.S.C. § 2000e-2(a)(1). Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999).

### A.    Supervisor Liability

Defendant first seeks summary judgment on plaintiff's claims against the individual defendants. Plaintiff names Nagl employees Richard Keating, Norman Frederickson, and June Jones as individual defendants in this case. However, the Eighth Circuit Court of Appeals has ruled that individual supervisors, co-workers and other employees cannot be held liable under Title VII in their individual capacities. See, e.g., *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). The Eighth Circuit further explained in *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998):

> [T]he District Court properly decided that [the individual defendant] could be liable only in his capacity as an employee of Wal-Mart and that the damages assessed against [the individual defendant] were properly imposed upon the "common employer" .... [S]ee, e.g., *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[S]tatutory liability [under Title VII] is appropriately borne by employers, not individual supervisors."); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) ("[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII.") (emphasis added), *cert. denied*, 516 U.S. 1011 ... (1995).

Based on this authority, summary judgment is granted in favor of defendant on all claims against the individual defendants.

### B.    False Statements and Demotion

Next, defendant seeks summary judgment on plaintiff's claims of discrimination that June Jones lied to a NEOC investigator and defendant demoted her in pay when she was

5

rehired in August 2004 in retaliation for plaintiff's July 25, 2003 EEOC complaint. As was explained in this court's December 28, 2005 Order (Filing No. 82), Title VII has very limited time constraints, and the issues raised and relating to plaintiff's July 25, 2003 EEOC complaint are too old for plaintiff to reassert or raise for the first time in this civil case.

Furthermore, even if plaintiff's claims were timely, to assert claims under Title VII plaintiff is required to exhaust her administrative remedies. Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). The completion of that two-step process constitutes exhaustion only as to those allegations set forth in the NEOC or EEOC charge and those claims that are reasonably related to such allegations. *See id.* ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC"). A plaintiff may not make a conclusory charge of discrimination and then file suit on whatever facts or legal theory the plaintiff may decide upon. *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). Here, plaintiff's claim of retaliation based on demotion and June Jones misrepresentation of facts to the NEOC investigator were not included in plaintiff's second charge to the EEOC. Therefore, because these claims are not timely, and plaintiff did not exhaust her administrative remedies with respect to these claims, summary judgment is granted in favor of defendant on these claims.

### C. Failure to hire

Finally, defendant seeks summary judgment on plaintiff's remaining claim and characterizes it as a claim for a refusal of an application. However, this court liberally

construes pro se pleadings. *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976) (finding that a pro se petition should be "interpreted liberally and ⋯ should be construed to encompass any allegation stating federal relief"). And here the court believes defendant has improperly characterized plaintiff's allegation which is more closely akin to a claim for failure to hire in retaliation for plaintiff's July 25, 2003 EEOC charge. Plaintiff is not merely complaining that she was deprived of the ministerial act of filling out an application, rather, plaintiff is alleging that defendant refused to consider her for employment in retaliation for her original EEOC complaint.

To establish a prima facie case of Title VII retaliation, [the plaintiff] must show that: (1) she engaged in activity protected by Title VII; (2) she suffered an adverse employment action; and (3) that a causal connection [existed] between her protected activity and the adverse employment action. *Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 684 (8th Cir. 2001), *citing Bogren v. Minnesota*, 236 F.3d 399, 407 (8th Cir. 2000); see also *Griffith v. City of Des Moines*, 387 F.3d 733, 738 (8th Cir. 2004). A failure to hire may constitute an adverse employment action in a retaliation claim under 42 U.S.C. § 2000e-3. *Kobrin v. University of Minnesota*, 34 F.3d 698, 704-05 (8th Cir. 1994), *citing Ruggles v. California Polytechnic State Univ.*, 797 F.2d 782, 785-86 (9th Cir. 1986).

To analyze a claim of retaliation under Title VII, we apply the McDonnell Douglas three-part burden shifting analysis. Absent direct evidence of discrimination, the court first determines whether the plaintiff presented a prima facie case of retaliation. The burden then shifts to the defendant to advance a legitimate reason for its challenged behavior. If the employer meets this burden, the court determines whether plaintiff refuted the

defendant's proffered reason with sufficient evidence of pretext." *Eliserio v. United Steelworkers of America Local 310*, 398 F.3d 1071, 1078 (8th Cir. 2005).

The plaintiff has met the first prong of her prima facie case as she clearly engaged in protected conduct when she filed her first EEOC charge on July 25, 2003. The defendant contends that plaintiff cannot establish the second prong of her prima facie case because Nagl did not refuse to consider plaintiff for employment; rather, plaintiff was merely told she did not need to fill out an application because Nagl already had plaintiff's application on file. The court is not persuaded by this argument. In her deposition, plaintiff stated that after she was told she did not have to fill out an application she stated to Jackie, the staff person in the office, that the contact information contained in her previous application had changed. She states that Jackie then told her she would need to talk with June Jones, the Human Resource Coordinator, before filling out an application. This testimony was unrefuted. If the defendant were merely relying on plaintiff's prior application it would not be necessary for her to speak with the Human Resources Coordinator before providing the additional information. Furthermore, the defendant has not set forth any evidence to establish that it was not hiring at the time plaintiff attempted to apply for a position. Therefore, for purposes of this summary judgment motion, the court concludes that plaintiff has established the second prong of her prima facie case that she suffered an adverse employment action when the defendant refused to consider her for a position.

Thus, the focus is on whether the plaintiff has established the third prong of the prima facie case, a causal connection between the protected conduct and the adverse employment action. The plaintiff's burden in resisting summary judgment is to point to sufficient evidence on which a judge or jury could find, by a preponderance of the evidence,

8

that an illegal criterion constituted the motivating factor, or one of the motivating factors, for the challenged employment decisions. *Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894, 897 (8th Cir. 2004). Here the plaintiff simply has not met this burden. She has not provided the court with any evidence to establish that the defendant's refusal to consider her application was connected to her first charge of discrimination to the EEOC. In fact, the record shows that after she filed her first charge with the EEOC the defendant rehired her. Because plaintiff has failed to establish a prima facie case of discrimination, summary judgment is granted in favor of defendant on plaintiff's claim for retaliation.

IT IS ORDERED

1. The plaintiff's Motion for Summary Judgment (Filing No. 101) is denied.

2. The defendant's Motion for Summary Judgment (Filing No. 102) is granted.

3. The defendant's Motion to Strike the Plaintiff's Motion for Summary Judgment (Filing No. 106) is denied as moot.

4. The plaintiff's Response to Opposition to Plaintiff Affidavit (Filing No. 110) is denied as moot.

5. Pursuant to Fed. R. Civ. P. 58, Judgment will be entered contemporaneously in accordance with this Memorandum and Order.

DATED this 8th day of May, 2006.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge